Fredis Arturo MALDONADO, Maria Luz Maldonado, Petitioners,

v.

Loretta E. LYNCH, United States Attorney General, Respondent.

Nos. 14–3252(L), 15–115(Con).

United States Court of Appeals, Second Circuit.

April 22, 2016.

Judy Resnick, Far Rockaway, NY, for Petitioners.

Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Emily Anne Radford, Assistant Director; Aric A. Anderson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: RALPH K. WINTER, GUIDO CALABRESI, and DENNY CHIN, Circuit Judges.

### SUMMARY ORDER

Petitioners Fredis Arturo Maldonado and Maria Luz Maldonado (hereinafter "Fredis" and "Maria"), natives and citizens of El Salvador and Guatemala, respectively, seek review of an August 7, 2014, decision of the BIA affirming a July 8, 2013, decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fredis Arturo Maldonado and Maria Luz Maldonado,* Nos. A073 553 599, A098 271 817 (B.I.A. Aug. 7, 2014), *aff'g* Nos. A073 553 599, A098 271 817 (Immig. Ct. N.Y. City July 8, 2013). They also seek review of the BIA's December 18, 2014, denial of their motion to reopen. *In re Fredis Arturo Maldonado and Maria Luz Maldonado,* Nos. A073 553 599, A098 271 817 (B.I.A. Dec. 18, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As to the denial of asylum and related relief, we have reviewed the IJ's decision as modified by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder,* 562 F.3d 510, 513 (2d Cir.2009). Since neither Fredis nor Maria challenged the IJ's denial of CAT relief in their appeal to the BIA, the CAT claims are unexhausted and we do not consider them. *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 107 n. 1 (2d Cir.2007).

 The agency denied Fredis asylum and withholding of removal because the harm he experienced in El Salvador lacked a nexus to a protected ground. He claimed he was beaten by suspected guerrilla fighters, and that they beat him and other children to make recruitment easier. He argued that this persecution was on account of his political opinion. However, attempted recruitment by antigovernment forces is not per se persecution on account of political opinion, and Fredis supplied no other evidence that he was targeted for his political beliefs or on account of any other protected ground. *See INS v. Elias–Za-*

*carias,* 502 U.S. 478, 481–82, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Accordingly, the agency did not err in denying relief on this ground.

The agency denied his application in remaining part because his status as a former MS–13 member who had renounced his gang membership was not a "particular social group." The agency's interpretation of "particular social group," as clarified in *Matter of W–G–R–,* 26 I. & N. Dec. 208 (B.I.A.2014), is entitled to deference. *See Paloka v. Holder,* 762 F.3d 191, 195 (2d Cir.2014). Fredis has challenged neither the agency's factual finding that former MS–13 members in El Salvador are not differently situated than the former Mara 18 members discussed in *W–G–R–,* nor the deference owed to that decision.

Regarding Maria's application, we lack jurisdiction to review the agency's determination that her asylum application was untimely. 8 U.S.C. § 1158(a)(3). With respect to withholding of removal, she did not challenge on appeal the IJ's denial of withholding due to her fear of her ex-boyfriend, and accordingly we do not consider this claim in the context of the agency's denial of withholding, though we discuss it below in the context of the BIA's denial of her motion to reopen. The agency did not err in finding that her fear of gang violence and lack of economic opportunity in Guatemala lacked a nexus to a protected ground. *See Melgar de Torres v. Reno,* 191 F.3d 307, 314 (2d Cir.1999). Accordingly, the agency did not err in dismissing Maria's appeal.

We now turn to the BIA's denial of reopening, which we review for abuse of discretion. *See Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). A motion to reopen must "state the new facts that will be proven at a hearing to be held if the motion is granted." 8 C.F.R. § 1003.2(c)(1).

■ The BIA did not abuse its discretion in denying Fredis's motion to reopen, as he had not established his prima facie eligibility for relief. *See INS v. Abudu,* 485 U.S. 94, 104, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Fredis argues that he is eligible for cancellation of removal because his convictions are more than 10 years old and are not crimes involving moral turpitude. However, cancellation of removal is not available to an alien who has been convicted of a firearms offense, regardless of the 10–year limitation. *See* 8 U.S.C. §§ 1229b(b)(1)(C), 1227(a)(2)(C). Accordingly, Fredis's firearms conviction renders him ineligible for cancellation of removal.

Maria moved to reopen on the basis of an intervening BIA decision, *Matter of A–R–C–G–,* which held that "married women in Guatemala who are unable to leave their relationship" can qualify as a particular social group. 26 I. & N. Dec. 388, 389, 393–95 (B.I.A.2014). However, even assuming that the case would impact her (as she was not married to the man she claimed to fear in Guatemala), a change in the law does not entitle an alien to reopening. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 90 (2d Cir.2001) ("[A] motion to reopen asks that the proceedings be reopened for new evidence and a new decision, usually after an evidentiary hearing."). Moreover, the agency originally denied relief because Maria had not established past domestic violence. Accordingly, any change in law regarding social groups would not resolve her evidentiary problem.

For the foregoing reasons, the petitions for review are DENIED. As we have completed our review, any stays of removal that the Court previously granted in these petitions are VACATED, and any

pending motions for stays of removal in these petitions are DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).